IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40028
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS ROMERO-RODRIGUEZ, also known as Jesus Vasquez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-99-CR-676-1
--------------------
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

The Federal Public Defender appointed to represent Jose Luis Romero-Rodriguez has moved for leave to withdraw and has filed a brief as required by <u>Anders v. California</u>, 386 U.S. 738 (1967). Romero-Rodriguez received a copy of counsel's motion and brief, but did not file a response.

Our independent review of the brief and the record discloses one possible nonfrivolous issue for appeal. Romero-Rodriguez's offense level and sentence were increased for his having been deported after a prior aggravated-felony conviction which was not

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleged in his indictment.  An argument that the prior conviction should have been alleged in the indictment is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998).  However, the continuing validity of Almendarez-Torres has been cast into doubt by Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000).  See id. at 2362 (finding it "arguable that Almendarez-Torres was incorrectly decided").  Counsel could have raised the issue on appeal in order to preserve it for Supreme Court review in light of Apprendi.

Because our independent review of the record has revealed this possible nonfrivolous issue for appeal, we deny counsel's motion to withdraw.  By our denying the motion to withdraw, Romero-Rodriguez preserves the Almendarez-Torres issue for further review.  We pretermit further briefing, however, and AFFIRM the judgment of the district court because Apprendi did not overrule Almendarez-Torres.  See id., 120 S. Ct. at 2362; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000)(noting that the Supreme Court in Apprendi expressly declined to overrule Almendarez-Torres), cert. denied, 121 S. Ct. 1214 (2001).  This court must follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation and citation omitted).

Accordingly, counsel's motion for leave to withdraw is DENIED, and the decision of the district court is AFFIRMED.